Arturo Guerra, demandante y apelante, *v.* Juan G. Gallardo, Tesorero de Puerto Rico, demandado y apelado.

No. 5364.—*Sometido:* Marzo 13, 1931. *Resuelto:* Junio 27, 1931.

*L. Méndez Vaz,* abogado del apelante; *Hon. Attorney General James R. Beverley* y *M. Rodríguez Serra, Segundo Procurador General Auxiliar,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este pleito sobre devolución de contribuciones pagadas bajo protesta, fué iniciado por don Arturo Guerra, ingeniero, agricultor y vecino de Vega Baja, basándose en que siendo dueño de tres quintas partes y arrendatario de las otras dos, de las fincas "Blandito" y "Carmelita", situadas en Vega Baja, las dedicó al cultivo de cañas celebrando un contrato de compraventa, molienda y anticipo de dinero para su cultivo y recolección con los Sres. Rubert Hermanos, por tres años, que comenzó el 15 de julio de 1921. Liquidada la cosecha de 1921, dió el siguiente resultado: Gastos: $71,789.75; Valor de las cañas entregadas: $51,783.11; Saldo en contra de Guerra: $20,006.64. Así lo hizo constar también en la planilla del año 1922 y no se le impuso tampoco contribución alguna. En el 1923, el resultado de la liquidación fué diferente, a saber: Gastos: $65,478; Importe de las cañas entregadas: $83,897.50; Saldo a favor de Guerra: $18,449 (sic). El saldo a favor de Guerra lo retuvieron íntegro los Sres. Rubert Hermanos para abonarlo a los descubiertos de las zafras de 1921 y 1922. Así lo hizo constar Guerra en

la planilla correspondiente consignando como baja deducible el dicho saldo aplicado al pago de la deuda. El Tesorero no admitió la deducción e impuso a Guerra como contribución sobre ingresos $856.02. Guerra acudió en alzada a la Junta de Revisión e Igualamiento y la junta sostuvo al Tesorero. Entonces pagó la contribución bajo protesta e inició este pleito que fué resuelto en contra suya por sentencia sobre las alegaciones de la Corte de Distrito de San Juan. Guerra apeló para ante esta Corte Suprema.

Como punto legal sostiene el apelante que al cobrársele la contribución se ha infringido la sección 12, caso primero, de la Ley No. 43 para proveer de rentas al Pueblo de Puerto Rico mediante la imposición de determinadas contribuciones sobre ingresos y beneficios excesivos y para otros fines, aprobada en 1921, Leyes de 1921, p. 323, que dice:

"(1) Todos los gastos ordinarios y necesarios incurridos o pagados durante el año contributivo en la explotación de cualquier negocio o industria radicada en Puerto Rico, incluyendo una cantidad razonable para sueldos y compensaciones a empleados por servicios personales realmente prestados, e incluyendo rentas u otros pagos que haya habido necesidad de efectuar para los fines de la industria o negocio."

Agrega que su argumentación se refuerza por lo dispuesto en la sección 14 de la propia ley que especifica las deducciones no admisibles, entre las cuales no está incluída la que el apelante reclama.

También invoca en su favor el apartado (b) de la sección 9 de la Ley No. 74 de 1925, Leyes de 1925, p. 425, que dice:

"(b) Si, por cualquier año contributivo, se demostrare por medio de prueba satisfactoria al Tesorero que cualquier contribuyente ha sufrido una pérdida neta, el montante de dicha pérdida será admisible como deducción al computar el ingreso neto del contribuyente para el año contributivo subsiguiente (el cual se denominará en adelante en esta sección 'segundo año'), y si dicha pérdida neta es en exceso de dicho ingreso neto (computado sin incluir esa deducción), el montante de dicho exceso será admitido como deduc-

ción al computarse el ingreso neto para el subsiguiente año contributivo (el cual se denominará en adelante en esta sección 'tercer año'); la deducción en todos los casos será hecha de acuerdo con las reglas prescritas por el Tesorero.''

El criterio del juez sentenciador quedó expresado en su resolución, así:

''Alega el demandante que la deducción o baja que solicita está incluída en la última frase del precepto legal copiado: *'otros pagos que haya habido necesidad de efectuar para los fines de la industria o negocio.'* El razonamiento del demandante es que habiéndose aplicado la suma reclamada al pago de una deuda originada para la vida del negocio, tal deducción debió hacerse, ya que no está incluída entre las deducciones no admisibles que señala el artículo 14 de la misma ley. También nos cita el demandante el apartado (b) de la sección novena de la ley aprobada en 6 de agosto de 1925 para demostrarnos la razón que le asiste al hacer la reclamación; pero no vemos cómo se puede interpretar y aplicar un estatuto por el sentido de otro posterior, cuando no sabemos las causas y motivos que indujeron al legislador a adoptar el nuevo estatuto.

''El hecho cierto es que la cantidad que se reclama fué anticipada al demandante a virtud del contrato hecho con el refaccionista, y que tal suma la empleó para la vida del negocio. Después al liquidar el contrato, el beneficio del año se aplica al pago de la deuda. ¿Deja de percibir por ello un beneficio el demandante? La cantidad del préstamo fué deducida al emplearse en el negocio; pero al liquidarse el beneficio, el hecho de que el refaccionista se la apropie para abono de la deuda, no le quita el carácter de beneficio, no incurso, como deducible, en la última frase de la sección 12, precitada. De aceptar la teoría del demandante, tendríamos que el Tesorero estaría deduciendo dos veces la misma cantidad: primero, como gastos en la siembra, y después, como saldo de la deuda incurrida al hacer los gastos anteriores.

''El hecho de que el demandante no reciba el dinero en efectivo, toda vez que el acreedor la retuvo, abonándola en cuenta, no le quita a la suma reclamada el carácter de ingreso recibido y tributable. Las partidas de ingresos, como las de gastos, no necesitan ser en forma de especie o metálico. Es suficiente que tales partidas, si han sido incluídas debidamente al computar el ingreso, puedan ser fácilmente valoradas como efectivo. Ingreso acreditado en cuenta a un contribuyente, o puesto en cuenta para él, y contra el

que puede girar en cualquier momento, está sujeto a tributación por el año que se abonó o puso en cuenta, aun cuando en aquel momento no estuviese en su poder. *Holmes Federal Taxes*, 420–423, Ed. 1923.

"De suerte que para que el ingreso sea tributable no es necesario que esté en la posesión física del contribuyente; basta con que le haya sido abonado en cuenta corriente, o abonado al pago de una deuda, o en cualquier momento pueda disponer de él.

"No nos es posible aceptar la teoría del demandante. Si una doble contribución por el mismo concepto no sería tolerable, tampoco lo puede ser una doble deducción o rebaja."

Si pudiera aplicarse a su caso la letra (*b*) de la sección 9 de la Ley No. 74 de 1925, tendría razón el apelante, pero, como bien dice el juez sentenciador, esa ley no rige para la computación de la contribución tasada, impuesta y cobrada a Guerra. Aun para casos más fuertes que éste, el criterio del legislador quedó fijado en ese sentido en la sección 63 de la propia Ley No. 74 de 1925.

Limitando la interpretación a las secciones 12 y 14 de la Ley No. 43 de 1921, que es la aplicable, no es posible dar la razón al apelante, por más meritorio que su caso sea.

No creemos que el pago de lo adeudado a virtud de liquidaciones de años anteriores, pueda considerarse como *"un pago que haya habido necesidad de efectuar para fines de la industria o negocio."* Cada año se liquida separadamente. La última parte de la sección está relacionada con la primera. Se habla de pagos por sueldos y compensaciones a empleados por servicios personales realmente prestados durante el año, incluyendo rentas y otros pagos. El concepto de deudas correspondientes a liquidaciones de años anteriores no puede comprenderse dentro de esos *otros pagos*. Para comprenderlo hubo necesidad de una disposición expresa como la de la Ley de 1925.

*Debe confirmarse la sentencia recurrida.*